IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BERNICE KING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **04-520-GPM** |
| | ) | |
| **EAST ST. LOUIS SCHOOL DIST. 187, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to quash subpoenas issued to multiple individuals for depositions set tomorrow, Friday, November 11, 2005. **(Doc. 35).** Plaintiff notes that yesterday, November 9, 2005, she filed a motion to voluntary dismiss her case without prejudice. **(Doc. 34).** Plaintiff contends that it would impose an undue burden and expense on the deponents, plaintiff and counsel to proceed with the depositions.[1]

Defense counsel has informed the Court that they object to the subject motion, and do not consent to the voluntary dismissal. Defendants note that the depositions were set by mutual agreement, and defendants have already gone to the effort and expense of serving the subpoenas. Defendants also question plaintiff's standing to move to quash the subpoenas.

Insofar as defendant questions plaintiff's standing to challenge the subpoenas and depositions, because she would be "affected by the subpoena" in that she will expend time and

---

[1] Plaintiff also contends the witnesses were given less than seven days notice. Because plaintiff has not attached the subpoenas to her motion, the Court is unaware of exactly how many days notice was given. Therefore, the Court is not in a position to address this issue.

money attending the subpoenas, Federal Rule of Civil Procedure 45(c)(3) affords plaintiff standing.

Plaintiff's motion for voluntary dismissal has not been granted yet, therefore the case is still pending.[2] The Court appreciates the defendants' position and the effort and expense already expended; however, there is a very high probability that the motion for voluntary dismissal will be granted. Conducting four depositions would necessitate even more effort and expense, in all likelihood for naught. Plaintiff might re-file her case, but at this juncture that is less of a sure bet than the Court granting the motion for voluntary dismissal.

**IT IS THEREFORE ORDERED** that plaintiff's motion to quash **(Doc. 35)** is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: November 10, 2005**

s/ Clifford J. Proud<br>
CLIFFORD J. PROUD<br>
U. S. MAGISTRATE JUDGE

---

[2] Although the discovery cutoff was November 4, 2005, the parties apparently agreed to extend that deadline, which is permissible under Local Rule 26.1(d). In any event, plaintiff has not challenged the depositions on that ground.